# SNR DENTON

SNR Denton US LLP
1221 Avenue of the Americas
New York, NY 10020-1089 USA

Jonathan Evan Goldberg
Partner
jonathan.goldberg@snrdenton.com
D +1 212 398 5779
T +1 212 768 6700
F +1 212 768 6800
snrdenton.com

June 20, 2011



**BY FAX (212-805-7948)**

The Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Peter M. Jarowey II, et al. v. Camelot Entertainment Group, Inc., et al.*,
     Civil Action No. 11-CV-2611 (S.D.N.Y.) (Holwell, J.)

Dear Judge Holwell:

    Pursuant to Rule 3.A. of Your Honor's Individual Practices, I write on behalf of Defendants Camelot Entertainment Group, Inc. ("Camelot"), Robert Atwell ("Atwell"), and Steven Istock ("Istock") in connection with the above-referenced action to request permission to file and serve a motion to dismiss in lieu of an answer on or before this Thursday, June 23, 2011.[1]  This letter request follows a discussion that David Shapiro -- counsel for Plaintiffs Peter M. Jarowey II ("Jarowey") and Somerset Group, LLC ("Somerset") -- and I had last Thursday, June 16, 2011, with Maria of your chambers.

    Plaintiffs' seventy-page complaint (the "Complaint") purports to bring the following fifteen claims for relief against some or all of the Defendants: (i) Violation of Rule 10b-5 of the Securities Exchange Act (First Claim for Relief), (ii) Breach of Fiduciary Duty, Derivatively on Behalf of the Corporation (Second and Third Claims for Relief), (iii) Breach of Contract (Fourth Claim for Relief), (iv) Promissory Estoppel (Fifth Claim for Relief), (v) Unjust Enrichment (Sixth Claim for Relief), (vi) Violation of Section 20(a) of the Securities Exchange Act (Seventh and Eighth Claims for Relief), (vii) Violation of Cal. Corp. Code § 25401 (Ninth Claim for Relief), (viii) Violation of Cal. Corp. Code § 25403 (Tenth and Eleventh Claims for Relief), (ix) Fraud (Twelfth Claim for Relief), (x) Breach of Fiduciary Duty (Thirteenth and Fourteenth Claims for Relief), and (xi) Constructive Fraud (Fifteenth Claim for Relief).

    Among other things, Defendants intend to seek dismissal of the entire Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, Rule 9(b) for failure to plead fraud with the required particularity, and the PSLRA.  It is now well-settled that "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Id.*, and "a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or

---

[1] Shortly after I notified Plaintiffs' counsel that I would be representing Defendants in this action, Plaintiffs' counsel agreed to extend Defendants' time to respond to the Complaint until Thursday, June 23, 2011.

**SNR DENTON**

The Honorable Richard J. Holwell
June 20, 2011
Page 2

that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *In re Livent, Inc. Noteholders Sec. Litg.*, 151 F.Supp.2d 371, 405-06 (S.D.N.Y. 2001). Further, "Rule 9(b), recognizing the adverse effects charges of fraud may have on a defendant's reputation, raises the bar on pleading. For these reasons, the Second Circuit requires that the heightened standards of Rule 9(b) are to be 'rigorously enforce[d]'" and that "[t]o satisfy the requirement and defeat a motion to dismiss, '[a]n ample factual basis must be supplied to support the [fraud] charges.'" *Id.* at 406 (citations omitted). Going even further, the PSLRA "declares that where the complaint alleges defendants acted with a 'particular state of mind' the pleading must state with particularity facts giving rise to a strong inference that defendants acted with the required state of mind." *Id.* at 426 (citing 15 U.S.C. § 78u-4(b)(2)).

In the present case, Plaintiffs' claims arise in connection with a "Business Consultant Agreement" between Camelot on the one hand, and Plaintiffs Jarowey and Somerset on the other hand, dated May 24 2010 ("Agreement").[2] Indeed, in support of their federal securities fraud claim (the "First Claim for Relief"), Plaintiffs allege that "Camelot promised to pay Jarowey for his labors with stock in the Company that had been issued pursuant to U.S. Securities and Exchange Commission ("SEC") Form S-8 ("S-8 Shares") if it did not have funds to pay him in cash" (Complaint ¶ 2) and that, "Camelot has never paid Jarowey any S-8 shares for his labors *as required by the Contract*." (Complaint ¶ 3) (emphasis added).[3]

However, in *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993), the Second Circuit explained that "[t]he failure to carry out a promise made in connection with a securities transaction is normally a breach of contract." (citation omitted). The Court further explained that "[i]t does not constitute fraud unless, when the promise was made, the defendant secretly intended not to perform or knew that he could not perform. Accordingly, although Rule 9(b) allows a pleader to aver intent generally, a 10b-5 complaint nevertheless must allege facts that raise a strong inference of fraudulent intent." *Id.*

Although Plaintiffs attempt to allege facts in paragraph 53 of the Complaint showing that Camelot and Atwell acted with a "secret intent" to defraud Mr. Jarowey at the time of executing the Agreement, these allegations do not satisfy the stringent pleading requirements of the Federal Rules and the PSLRA. For example, Plaintiffs allege that "since May 24, 2010, Jarowey has never received S-8 Shares as compensation for his services" and that "prior to entering into the May 2010 BCA, Camelot had contracted with other professionals (including its SEC attorney and its accountants and other lawyers), also promising them S-8 Shares." Complaint ¶ 53. These allegations simply do not raise a strong inference of fraudulent intent. Indeed, in *Mills*, the Second Circuit rejected the argument that fraudulent intent could be inferred from "the fact that [defendant] made a number of contracts to register shares and never performed any of them" because, according to the Court, "[a] contract may be breached for legitimate business reasons" and "[c]ontractual breach, in and of itself, does not bespeak fraud, and generally does not give rise to tort damages." 12 F.3d 1176. The remaining allegations in paragraph 53 also fail to raise a strong inference of fraudulent intent -- as will be shown in Defendants' motion papers -- and Plaintiffs' attempt to turn a state law "breach of contract" claim into a federal securities claim should be rejected.

---

[2] Further, Plaintiffs John B Hollister III and Douglas Q. Homes are alleged to be "third party beneficiaries" of the Agreement. Complaint ¶ 139.

[3] The only alleged fraudulent "promise" or "statement" is the promise contained in the Agreement itself.

**SNR DENTON**

The Honorable Richard J. Holwell
June 20, 2011
Page 3

    Defendants also intend to argue that Plaintiffs' attempt to bring the Second and Third claims (for breach of fiduciary duty) derivatively on behalf Camelot should also be dismissed. Specifically, Rule 23.1(b)(3) of the Federal Rules of Civil Procedure requires a plaintiff bringing a derivative action to, among other things, "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Plaintiffs admit that they have failed to make a demand on the Board. Although they have attempted to allege the reasons for not making such a demand, their allegations concerning "demand futility" and the supposed lack of independence of the Board are conclusory and insufficient.

    Defendants further plan to argue that none of the remaining claims in the Complaint should survive Defendants' motion, and that the Complaint contains allegations that are contradicted by the Complaint itself. For example, in support of their Third Claim for Relief against Messrs. Atwell and Istock for breach of fiduciary duty, Plaintiffs allege that *"[o]n April 26, 2010*, Atwell and Istock, as member[s] of the Compensation Committee and Directors of the Company, instructed Camelot to execute an employment agreement with Atwell," that "the decision of the Board to enter into the Atwell Employment Agreement was not a proper exercise of its business judgment and . . . the Board was grossly negligent in approving and ratifying the agreement," and that "[t]he facts provide a strong reason to believe that the conduct of the Board (that is, Atwell and Istock), constituted a violation of their fiduciary duties." Complaint ¶¶ 126, 128, 130 (emphasis added). Although the Plaintiffs clearly seek to hold Mr. Istock liable for his alleged participation in approving Mr. Atwell's compensation package, the Complaint makes equally clear that Mr. Istock was not even employed by Camelot until July 1, 2010, over three months after the Atwell Employment Agreement came into being. *See* Complaint ¶ 26 *("Istock joined Camelot as Chief Financial Officer and as a member of the Company's Board on **July 1, 2010**")* (emphasis added).

    Accordingly, for the foregoing reasons (among others), Defendants respectfully request permission to file and serve a motion to dismiss in lieu of an answer on or before this Thursday, June 23, 2011. In speaking last week with Mr. Shapiro, counsel for Plaintiffs Jarowey and Somerset, Mr. Shapiro did not object to Defendants' request to file such a motion (and sought only to ensure that Defendants would not seek or be granted additional time to submit such a motion beyond the previously agreed upon date of June 23rd). As mentioned to Mr. Shapiro, Defendants will be prepared to file their motion papers on Thursday and are not seeking an additional extension. In addition, please note that earlier today I attempted to reach Mr. Joseph D. Carney, Esq., counsel for Plaintiffs Hollister and Holmes, by phone and by e-mail with respect to this letter, but was unable to connect with him.

    Thank you for your attention to this matter. Please feel free to contact me should you have any questions.

Respectfully submitted,

Jonathan Evan Goldberg

cc: David Shapiro, Esq. (by email)
    Joseph D. Carney, Esq. (by email)

*[Handwritten note: The request to file dispositive motions shall be discussed during the IPTC scheduled for 7/27.]*

SO ORDERED

RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

6/24/11