UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PETER M. JAROWEY II, ET AL.,        :    11 Civ. 2611 (LAP)(JCF)
                                    :
    Plaintiffs,                     :    ORDER ADOPTING REPORT
                                    :    AND RECOMMENDATION
    - v. -                          :
                                    :
CAMELOT ENTERTAINMENT GROUP, INC.,  :
    ET AL.                          :
                                    :
    Defendants.                     :
                                    :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

   Plaintiffs Peter M. Jarowey II, Somerset Group, LLC, John B. Hollister III, and Douglas Q. Holmes ("Plaintiffs") filed this action against Defendant Camelot Entertainment Group, Inc. and its officers Robert P. Atwell and Steven V. Istock (collectively, "Defendants"), alleging that Defendants had committed securities fraud, breach of fiduciary duty, corporate waste, and breach of contract. (See generally Complaint [dkt. no. 1].)

   Before the Court is the Report and Recommendation of Magistrate Judge James C. Francis IV, filed September 10, 2012 (the "Report") [dkt. no. 35], regarding Defendants' motion to enforce a settlement agreement that Defendants contend was reached between the parties at a settlement conference before Judge Francis on August 31, 2011 [dkt. no. 23]. In the Report,

Judge Francis recommended that this Court deny Defendants' motion.

On September 27, 2012, Defendants filed objections to certain parts of the report pursuant to Rule 72(b) of the Federal Rules of Civil Procedure ("Objections") [dkt. no. 36[1]]. Plaintiffs filed their responses on October 15, 2012 [dkt. no. 39]. Having reviewed the Report as well as Defendants' objections and Plaintiffs' responses and having found Judge Francis's decision to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b), the Report is hereby ADOPTED.

DISCUSSION

For purposes of this Order, familiarity with the relevant facts and procedural history of the case is presumed, and the Court refers the parties to the Report. (See Report, at 1-4.) Defendants now raise six objections to the Report. To the extent any of those objections constitutes a rehashing of the same arguments and positions taken in original papers submitted to Judge Francis, such arguments do not suffice to invoke de novo review and are reviewed only for clear error. See Aponte v. Cunningham, No. 08 Civ. 6748, 2011 WL 1432037, at *1

---

[1] Defendants appear to have filed their Objections twice on the docket. (See [dkt. no. 36-38].) The first attempt [dkt. no. 37] seems to have unintentionally attached an unrelated motion to its papers. Because the papers otherwise appear identical and because the deadline for filing objections was September 27, 2012, the Court refers to the objections as filed on that date.

2

(S.D.N.Y. Apr. 11, 2011) (citing <u>Vega v. Artuz</u>, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) and <u>Barratt v. Joie</u>, No. 96 Civ. 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).  It thus bears noting at the outset that Defendants do not cite any statutory or case law authority in support of their objections and many of their objections seem to challenge Judge Francis's handling of arguments offered in their moving papers.

First, Defendants object by stating that the Report overlooks the degree to which the January 25, 2012, draft agreement between the parties accurately reflected the terms arrived at orally on August 31, 2011.  (<u>See</u> Objections, at 3.) The Report, however, does seem to consider this argument of Defendants (<u>see</u> Report, at 19-20), and the Court finds no error with Judge Francis's treatment of the issue.

Second, Defendants challenge the depth with which the Report discusses "the extent to which the [settlement agreement] drafts contain and reflect the agreements reached on August 31, 2011."  (<u>See</u> Objections, at 3.)  This objection seems to be an extension of the first.  Again, Defendants seem to overlook Judge Francis's analysis of the types of changes that occurred throughout the negotiation process (<u>see</u> Report, at 17-19). Defendants also fail to address the fact that "even 'minor' or 'technical' changes arising from negotiations over the written

3

language" can suffice to "show that there were points remaining to be negotiated such that the parties would not wish to be bound until they synthesized a writing satisfactory to both sides in every respect," Powell v. Omnicom, 497 F.3d 124, 130 (2d Cir. 2007) (internal quotation marks omitted in second quotation).  In short, Defendants' second objection amounts to a cursory critique of the manner in which the Report characterizes an argument Defendants already set forth in their original papers, and the Court finds no error in Judge Francis's treatment of the draft papers.

Third, Defendants object to the Report's reliance on "various boilerplate provisions, including a merger clause" in the draft papers (see Objections, at 4) in concluding that there is "ample evidence in the record that" the parties had reserved the right to not be bound prior to a writing (see Report, at 11).  The Court of Appeals has instructed courts to look to the language of draft settlement agreements as evidence of the parties' intent to be bound and has observed that "[t]he presence of such a merger clause is persuasive evidence that the parties did not intend to be bound prior to execution of a written agreement."  See Ciaramella v. Readers' Digest Ass'n, Inc., 131 F.3d 320, 324 (2d Cir. 1997).  While Defendants assert that "better evidence" exists, the Court finds that Judge Francis's weighing of the language within the draft agreements

4

against the other evidence in the record was reasonable and appropriate.[2]

Fourth, Defendants next objection makes a policy argument that the Report's conclusion that "[i]t was eminently reasonable for the plaintiffs to believe that the settlement would become binding only when written and signed, as an agreement as complex as this one would normally be in writing" appears to condone any bad faith conduct by Plaintiffs after the August 31, 2011, conference.  (See Objections, at 6.)  In doing so, Defendants are admittedly rehashing an argument from their original papers.  (Id.)  In reviewing this argument, the Court fails to see how any supposed license for bad conduct granted by such a conclusion in the Report amounts to clear error on the part of Judge Francis.

Fifth, Defendants object to the Report's conclusion that the settlement agreement was not partially performed as

---

[2] Defendants also raise two other points in connection with this objection.  First, Defendants assert that the notes of counsel and the notes of Judge Francis are writings that "can and should support the enforceability of the material terms of the parties' settlement" (Objections, at 5), but they fail to offer any legal authority for why or how those notes should control or, in the alternative, that each parties' notes are consistent with the next.  Second, Defendants attempt to direct the Court to the January 25, 2012 draft by emphasizing that "Plaintiffs have not shown how [those papers] do not reflect the parties' agreements reached at the [August 31, 2011] settlement conference."  (Id.) But as respondents, Plaintiffs do not have to make such a showing since the burden to demonstrate that an oral settlement agreement is binding lies with the party seeking enforcement.

evidenced by the settlement of the Utah Litigation.  (See Objections, at 6-7.)  This issue was discussed by both parties in the original papers submitted to Judge Francis, and the only new evidence set forth by Defendants is a declaration by Robert P. Atwell that Defendants would not have settled the Utah Litigation but for the oral settlement agreement reached at the August, 31, 2011 conference.  (See Objections, at 7; Decl. of Robert P. Atwell in Support of Defs.' Objections to the Report & Recommendation, Sept. 27, 2012 [dkt. no. 36, Ex. 1].)  Not only is the declaration offered late in the game by an interested party in response to deficiencies observed in the Report, the declaration is full of conclusory allegations restating Defendants' arguments in its papers save for where it affirms Defendants motivations in participating in the Utah Litigation settlement.  Nevertheless, the Report discusses at length the evidence related to partial performance pertaining to the Utah Litigation (Report, at 14-17), and this declaration does little to persuade this Court in light of the Report's well-reasoned evaluation of the evidence in the record that partial performance has occurred here sufficient to demonstrate a binding oral agreement.

    Finally, Defendants object to the Report's characterization of the changes in the drafts between September 2011 and January 2012 as constituting "significant changes." (See Objections, at

6

7.) Because this objection is largely a restatement of, or largely analogous to, Defendant's second objection, the Court refers the parties to its analysis of that objection, particularly the Court of Appeals' holding in Powell. Additionally, to the extent Defendants point out that "Plaintiffs have failed to identify what material terms were not contained in those drafts," the Court reminds Defendants that the burden is on them to persuade the Court that a binding oral settlement agreement was reached. Thus, the Court denies this objection, as well.

## CONCLUSION

Upon due consideration, as set forth above, and having found Judge Francis's decision to be correct and appropriate, the Report is ADOPTED in its entirety. Defendants' motion to enforce the settlement agreement [dkt. no. 23] is hereby DENIED, and the Clerk of the Court is directed to restore this case to active status.

SO ORDERED.

Dated:  New York, New York
        March 18, 2013

_Loretta A. Preska_
LORETTA A. PRESKA
Chief U.S. District Judge

7